UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES NIETO, JACQUES COALLIER, JILL MENTER, THOMAS MENTER, on behalf of themselves and a similarly situated class, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | Case No.: 06-cv-11966 Honorable Nancy G. Edmunds |

Plaintiffs,

v.

UNITRON, LP,

Defendant.
_____

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

The Court having previously issued its May 28, 2008 Order in this action, which, in part: (a) certified the Class in this action pursuant to Fed. R. Civ. P. 23 (a) and 23(b)(1) and (2); (b) appointed the law firm of Martens, Ice, Klass, Legghio & Israel, P.C. as class counsel pursuant to Fed.R.Civ.P. 23(g); (c) preliminarily approved the parties' Settlement Agreement executed on May 13, 2008 ("the Settlement Agreement"); (d) approved the parties' proposed notice to the Class; and (e) scheduled a fairness hearing for June 25, 2008.

The Court having reviewed the "Class Counsel Report Regarding Proposed Settlement," filed on June 23, 2008, which reported that notice had been provided to the Class on May 30, 2008 and which attached Class Members' responses to the

Settlement Agreement; and the Court having conducted the fairness hearing on June 25, 2008, at 9:30 a.m., after fair and adequate notice of the Settlement Agreement had been provided to the Class.

The Court having issued its June 25, 2008 "Corrected Order Following Fairness Hearing" (the "June 25, 2008 Order") which, pending expiration of the 90 day notice period pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), in part: (a) re-affirmed the provisions of the May 28, 2008 Order and granted final approval to the class defined as: all employees who became disabled and/or who retired from a UAW represented collective bargaining unit at Beaver Precision Products (which was owned for a certain time by Unitron, Inc.) in Troy, Michigan during the period March 31, 1991 through June 1, 1994 and those spouses or surviving spouses and eligible dependents of those persons (collectively, "the Class Members"); (b) appointed James Nieto, Jacques Coallier, Jill Menter, and Thomas Menter as Class Representatives; (c) continued the appointment of Class Counsel Martens, Ice, Klass, Legghio & Israel, P.C. pursuant to Fed.R.Civ.P. 23(g); (d) found that, having certified the action as a non-opt-out class action under Fed.R.Civ.P. 23(a) and 23(b)(1) and (2), the Class Members shall be bound by the Settlement Agreement and Releases signed by the Class Representatives; (e) found that the Settlement Agreement is fair, reasonable, and adequate; (f) ordered that Unitron, L.P. begin making monthly payments of $542.00 to each Class Member on September 1, 2008 pursuant to section 5 of the Settlement Agreement, which payments shall continue for the period of time set

forth as provided and guaranteed in the Settlement Agreement; (g) provided that Unitron, L.P.'s obligations pursuant to the September 22, 2006 Consent Order in this action shall remain in effect through August 31, 2008, and that the June 25, 2008 Order did not diminish Defendant's obligations with respect to insurance coverage provided and expenses incurred by Class Members pursuant to the September 22, 2006 Consent Order though August 31, 2008 as provided and guaranteed in the Settlement Agreement; and (g) directed the parties to move for final approval of the Settlement Agreement following the expiration of the 90 day CAFA notice period.

The CAFA notice period now having expired, and neither the Court nor the parties having received any response or objection from the Michigan Attorney General or from the United States Attorney General in response to the CAFA notice which was provided by Defendant's counsel to the Michigan Attorney General on May 27, 2008, and the United States Attorney General on May 28, 2008, and the parties having requested entry of this Order:

IT IS NOW ORDERED that:

1. The Settlement Agreement is hereby finally and fully approved pursuant to the findings and rulings set forth in the June 25, 2008 Order;

2. The parties shall abide by the terms of the June 25, 2008 Order and the Settlement Agreement, including but not limited, to the continuation of the monthly payments of $542.00 to each Class Member pursuant to section 5 of the Settlement Agreement for the period of time set forth and as

3

       guaranteed in the Settlement Agreement;

3. Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(1) and (2), the Class Representatives and each of the Class Members are deemed to have released Defendant Unitron, LP and the Guarantors (as those terms are defined in the Settlement Agreement) to the extent of and with the same conditions as are contained in the Settlement Agreement and Releases signed by the Class Representatives and conditioned solely on the performance of the payments referenced in section 5 of the Settlement Agreement and the Court's approval of the settlement.  The Settlement Agreement and these releases shall not diminish in any way entitlement to pension benefits; and

4. The UAW, the Class Representatives, and the Class Members are deemed to have released any claim they may have against Scott Lefky pursuant to the Order dated December 4, 1998 in Case Nos. 97-cv-60151-AA and 97-cv-60210-AA to the extent of and with the same conditions as are contained in the Settlement Agreement and Releases signed by the Class Representatives and conditioned solely on the performance of the payments referenced in section 5 of the Settlement Agreement and the Court's approval of the Settlement Agreement.  The Settlement Agreement and these releases shall not diminish in any way entitlement to pension benefits.

5.  Pursuant to the terms of the Settlement Agreement, each side shall bear its own costs and attorneys fees.

6.  The parties may enforce the terms of the Settlement Agreement and their respective obligations pursuant to this Order in this Court.

7.  Judgment of dismissal with prejudice shall be entered pursuant to this Order and the terms of the Settlement Agreement.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 20, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager